U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

NOV 1 5 2012

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**KUNIO TERAMURA, TOU CHAO VANG and
HARRY SHAFFER, Each Individually and on
Behalf of All Others Similarly Situated**                    **PLAINTIFFS**

**vs.**                    Case No. 12-cv- *5244*

**WALGREEN CO., d/b/a WALGREENS**                    **DEFENDANT**

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR REPRESENTATIVE ACTION

COME NOW Plaintiffs Kunio Teramura, Tou Chao Vang, and Harry
Shaffer, each individually and on behalf of all others similarly situated, by and
through their counsel Josh Sanford and Vanessa Kinney of Sanford Law Firm,
PLLC, and for their Complaint for Representative Action against Defendant
Walgreen Co., d/b/a Walgreens, do hereby state and allege as follows:

**[THIS SPACE INTENTIONALLY LEFT BLANK.]**

## TABLE OF CONTENTS

I.     Preliminary Statements ................................................................. 3

II.    Jurisdiction and Venue ................................................................. 3

III.   The Parties ................................................................................... 5

    A.    Plaintiffs ............................................................................. 5

    B.    Defendant ........................................................................... 6

IV.    Factual Allegations ..................................................................... 6

    A.    Plaintiffs ............................................................................. 6

    B.    Walgreens ......................................................................... 12

V.     Representative Action Allegations ........................................... 13

    A.    FLSA § 216(b) Class ........................................................ 13

    B.    AMWA Rule 23 Class ....................................................... 15

    C.    Unjust Enrichment Rule 23 Class ................................... 19

VI.    First Cause of Action: Violation of the FLSA ........................... 21
      (Failure to pay statutory minimum wages, including overtime wages)

VII.   Second Cause of Action: Violation of the FLSA ...................... 29
      (Failure to maintain records)

VIII.  Third Cause of Action: Violation of the AMWA ........................ 32
      (Failure to pay the Arkansas state statutory minimum wages
      and overtime premiums)

IX.    Fourth Cause of Action: Violation of the AMWA ...................... 36
      (Failure to maintain records)

X.     Fifth Cause of Action: Unjust Enrichment/Quantum Meruit ...................... 38

XI.    Equitable Tolling ......................................................................... 39

XII.   Prayer for Relief ......................................................................... 40

# I.

## **PRELIMINARY STATEMENTS**

1.      Plaintiffs Kunio Teramura, Tou Chao Vang and Harry Shaffer (hereinafter referred to collectively from time to time as "Plaintiffs"), each individually and also on behalf of all others similarly situated, bring this action against Defendant Walgreen Co. d/b/a Walgreens (hereinafter referred to as "Walgreens").

2.      Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Walgreens's failure to pay Plaintiffs and all others similarly situated overtime compensation for the hours that Plaintiffs and all others similarly situated worked off the clock for each single workweek.

3.      Plaintiffs further assert unjust enrichment claims against Walgreens under Arkansas law based on Walgreens's unjust receipt of Plaintiffs' uncompensated labor.

# II.

## **JURISDICTION AND VENUE**

4.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      This Complaint also alleges violations of the Arkansas Minimum Wage Act, codified at Ark. Code Ann. § 11-4-201, *et seq* (hereinafter referred to as the "AMWA") and unjust enrichment under Arkansas law, which form part of the same case or controversy and arise out of a common nucleus of operative facts as the FLSA claim alleged in this complaint; accordingly, the AMWA and unjust enrichment claims would be expected to be tried with the FLSA claim in a single judicial proceeding.

6.      Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA and unjust enrichment claims pursuant to 28 U.S.C. § 1367(a).

7.      Walgreens conducts business within the State of Arkansas, operating retail stores that sell merchandise in consumer goods categories such as pharmacy, health and hygiene, beauty and cosmetics, grocery, vitamins and supplements, and other consumer goods categories.

8.      Walgreens has purposely availed itself of demand for consumer goods within the physical and political boundaries of the State of Arkansas.

9.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1), (c), because the State of Arkansas has personal jurisdiction over Walgreens, and Walgreens therefore "resides" in Arkansas.

10.      Alternatively, the acts complained of by the named Plaintiffs in this Complaint were committed against, or had their principal effect on, the named Plaintiffs within the Western District of Arkansas, and therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

11.     This case is filed in the Fayetteville Division of this District because the Walgreens stores at which the named Plaintiffs work and/or worked are physically located here.

III.

## THE PARTIES

A.     **Plaintiffs**

12.     Plaintiff Kunio Teramura ("Teramura") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.  At all times relevant to the allegations in this Complaint, Walgreens employed Teramura as an Executive Assistant Manager within the Western District of the State of Arkansas.

13.     Plaintiff Tou Chao Vang ("Vang") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.  At all times relevant to the allegations in this Complaint, Walgreens employed Vang as an Executive Assistant Manager within the Western District of the State of Arkansas.

14.     Plaintiff Harry Shaffer ("Shaffer") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.  At all times relevant to the allegations in this Complaint, Walgreens employed Shaffer as an Executive Assistant Manager in two districts, one being within the Western District of the State of Arkansas.

15.     At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*

16.    At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protection and benefits provided under the Arkansas Minimum Wage Act, A.C.A. § 11-4-201, *et seq*.

17.    At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protection and benefits provided under common law theories of unjust enrichment.

18.    No exemptions or exceptions to the application of the FLSA or AMWA apply to Plaintiffs and the proposed collective class members or to any of the members of the Rule 23 Classes.

**B.    Defendant**

19.    Defendant Walgreens is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

20.    Walgreens is a nation-wide retailer of "pharmacy, health and wellness solutions, and consumer goods and services," employing over 240,000 people and operating nearly 8,000 stores across the country, including sixty in the State of Arkansas. *Store Count by State*, WALGREENS.COM (last visited Oct. 10, 2012),

http://walgreens2009.tekgroupweb.com/article_display.cfm?article_id=1044;

*Company Info*, WALGREENS.COM (last visited Oct. 10, 2012), ("Q: How many employees work for Walgreen Co.?  A: The Walgreen Company employs over 240,000 people . . . .")

http://www.walgreens.com/topic/help/companyhelp/company_help_main.jsp#Wa
lgreensCompany

21.     The nearly 8,000 stores owned or operated by or doing business as
Walgreens exist for the common business purpose of retailing pharmacy, health
and wellness solutions, and consumer goods and services.

22.     Walgreens has employees that handle, sell, or otherwise work on
goods or materials that have been moved in or produced for commerce.

23.     Walgreens's annual gross volume of sales is not less than
$500,000.00.

24.     Walgreens is a foreign corporation whose registered agent for
service of process for the state of Arkansas is The Prentice-Hall Corporation
System, located at 300 Spring Building, Suite 900, Little Rock, Arkansas, 72201.

25.     At all times relevant to this Complaint, Walgreens was Plaintiffs'
employer as defined by the FLSA, 29 U.S.C. § 203(d), and the Arkansas
Minimum Wage Act, A.C.A. § 11-4-203.

### IV.

### FACTUAL ALLEGATIONS

#### A.     Plaintiffs

26.     Plaintiffs repeat and re-allege all previous paragraphs of this
Complaint as though fully incorporated in this section.

27.     Plaintiffs, in their positions as Executive Assistant Manager
(hereinafter referred to as "'EXA"), are or were required to schedule themselves
for a minimum of forty-four (44) hours per week for each upcoming week.

28.     Despite the scheduled hours, Plaintiffs very commonly work or worked more than the required forty-four (44) hours per week.

29.     To Plaintiffs' knowledge, Plaintiffs' exact hours of work are not recorded, as Walgreens has no system in place, such as a time clock, in for EXAs to log their actual hours worked.

30.     If Walgreens has a computer system that tracks or has tracked the actual hours worked by any or all of the EXAs, this Court should require Walgreens to maintain such information in a reliable location, and not to destroy it or allow it to be destroyed through the implantation of any policy currently in place or any policy to be adopted after the filing hereof.

31.     If Walgreens does not track the hours actually worked by EXAs, it should be ordered by this Court to begin to do so immediately, and to maintain those records pursuant to State and Federal laws.

### 1.     **Plaintiff Teramura**

32.     Teramura has been an employee of Walgreens for approximately six (6) years as of the filing of this action.  He is currently employed at Walgreens Store #5475 located in Washington County, Arkansas.

33.     Teramura has been classified as a salaried employee the entire duration of his employment as an EXA.

34.     Upon commencement of work at Walgreens, Teramura did not sign any contract of employment setting forth his hours or wages.

35.     Teramura's annual compensation is not less than $455.00 per week nor is his compensation more than $100,000.00 per year.

36.     Teramura spends more than fifty percent of his time at Walgreens performing managerial job duties.

37.     Walgreens has deducted pay from Teramura's salary for time missed at work on days in which Teramura missed less than one *full day* of work.

38.     Walgreens has also deducted pay from Teramura's salary for weeks in which Teramura has worked more than the required forty-four (44) hour week without explanation or reason.

39.     Teramura knows of no policy prohibiting or permitting improper deductions.

40.     Teramura knows of no complaint mechanism for salaried employees to challenge pay deductions.

41.     Teramura knows of no handbook outlining salary requirements and procedures.

42.     On average, Teramura works approximately fifty-five (55) to sixty (60) hours per week.

43.     Teramura has not received any overtime compensation during weeks in which he worked more than forty hours.

### 2. **Plaintiff Vang**

44.     Vang was an employee of Walgreens for more than four (4) years as of the filing of this action.   He has recently resigned his employed at Walgreens Store # 12670 located in Washington County, Arkansas.

45.     Vang was classified as a salaried employee for the entire duration of his employment as an EXA.

46.     Upon commencement of work at Walgreens, Vang did not sign any contract of employment setting forth his hours or wages.

47.     Vang's annual compensation is not less than $455.00 per week nor is his compensation more than $100,000.00 per year.

48.     Vang spends more than fifty (50) percent of his time at Walgreens performing managerial job duties.

49.     Vang knows of no policy prohibiting or permitting improper deductions.

50.     Vang knows of no complaint mechanism for salaried employees to challenge pay deductions.

51.     Vang knows of no handbook outlining salary requirements and procedures.

52.     Vang knows of no complaint mechanism for salaried employees to challenge pay deductions.

53.     On average, Vang worked approximately fifty-five (55) to sixty (60) hours per week.

54.     Vang has not received any overtime compensation during weeks in which he worked more than forty (40) hours.

### 3. Plaintiff Shaffer

55.     Shaffer has been an employee of Walgreens for approximately twelve (12) years as of the filing of this action.  He is currently employed at Walgreens Store # 9593 located in Benton County, Arkansas.

56.     Shaffer has been classified as a salaried employee for the entire duration of his employment as an EXA.

57.     Upon commencement of work at Walgreens, Shaffer did not sign any contract of employment setting forth his hours or wages.

58.     Shaffer's annual compensation is not less than $455.00 per week nor is his compensation more than $100,000.00 per year.

59.     Shaffer spends more than fifty (50) percent of his time at Walgreens performing managerial job duties.

60.     Walgreens has deducted pay from Shaffer's salary for time missed at work on days in which Shaffer missed less than one *full day* of work.

61.     Walgreens has also deducted pay from Shaffer's salary for time missed during a week in which Shaffer otherwise worked.

62.     Shaffer has worked in two (2) separate Walgreens-defined organizational "districts" during his time as an EXA, each run by different district managers.

63.     Shaffer has experienced deductions to his "salary" in both districts.

64.     Shaffer knows of no policy prohibiting or permitting improper deductions.

65.     Shaffer knows of no complaint mechanism for salaried employees to challenge pay deductions.

66.     Shaffer knows of no handbook outlining salary requirements and procedures.

67.     On average, Shaffer works approximately fifty-five (55) to sixty (60) hours per week.

68.     Shaffer has not received any overtime compensation during weeks in which he worked more than forty (40) hours.

## B. Walgreens

69.     Walgreens requires EXAs to schedule themselves, and to work, a minimum of forty-four (44) hours per week spanning over five (5) of the seven (7) days in the pay period.

70.     Walgreens's pay period is calculated from Wednesday to Tuesday and employees are paid biweekly.

71.     Therefore, each pay period, EXAs receive a "salary" for eighty-eight (88) hours of work.

72.     On the weeks in which Plaintiffs work more than the required eighty-eight (88) hours, they are not paid overtime.

73.     However, on the weeks in which Plaintiffs work less than the required time, Plaintiffs' pay has been reduced despite the fact that Plaintiffs have worked during the pay period.

74.     Because Walgreens is not franchised, it has one human resource department responsible for calculating and disbursing Plaintiff's paychecks.

75.     Therefore, Walgreens failure to properly pay Plaintiffs is not limited to the district in which Plaintiff's currently work.

76.     Walgreens has a nation-wide practice of making improper deductions from the salaries of Plaintiffs and those similarly situated.

77.    Thus, Plaintiffs and those similarly situated do not meet the requirements for exemption and are entitled to overtime wages.

**V.**

**REPRESENTATIVE ACTION ALLEGATIONS**

### A.    FLSA § 216(b) Class

78.    Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Walgreens as similarly situated EXA's improperly classified as exempt at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Minimum wages for the first forty (40) hours worked each week;

B.    Overtime premiums for all hours worked for Walgreens in excess of forty (40) hours in any week; and

C.    Liquidated damages and attorney's fees for the same.

79.    To that end, and in furtherance thereof, Plaintiffs have attached hereto as Exhibit "A" a group of documents called Consents to Join this lawsuit in compliance therewith, and the same are incorporated by reference as though fully and completely set forth at this point.

80.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

81.     The proposed class of opt-in plaintiffs in this case is defined as all persons who meet the following classifications:

A.     Were, are, or will be employed by Walgreens as lower store management, more specifically, Executive Assistant Managers ("Executive Assistant Manager(s)" or "EXA(s)");

B.     Were, are, or will be classified as exempt under the Executive Exemption of the FLSA, 29 U.S.C. § 213(a);

C.     Were not or will not be paid a predetermined amount of money each week without regard to the number of days or hours worked; and

D.     Were, are, or will be entitled to payment for overtime wages at one and a half times their regular rate under the FLSA; and

E.     Were not, are not or will not be paid overtime wages under the FLSA pursuant to the policies and/or practices of Walgreens as they currently exist and have existed for the three years most recently past.

82.     The proposed FLSA class members are similarly situated in that they:

A.     Were, are, or will be employed by Walgreens as lower management, more specifically, Executive Assistant Managers ("Executive Assistant Manager(s)" or "EXA(s)");

B.     Were, are, or will be classified as exempt under the Executive Exemption under the FLSA, § 213(a);

C.     Were not or will not be paid a predetermined amount of money without regard to the number of days or hours worked;

D.      Were, are, or will be entitled to payment for proper overtime wages under the FLSA; and

E.      Were not or will not be paid overtime wages under the FLSA at any time during the three years immediately preceding the filing of this Complaint.

83.     Plaintiffs are unable to state the exact number of the class but believe that the class exceeds 8,800 persons.

84.     Walgreens can readily identify the members of the Section 216 class, who are a certain portion of the current and former employees of Walgreens who have been clearly assigned titles.

85.     The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Walgreens, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible, together with other particular documents and information.

**B.      AMWA Rule 23 Class**

86.     Plaintiffs, on behalf of all others similarly situated, bring this claim for relief for violation of the AMWA as a collective action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

87.     The proposed class of plaintiffs in this case is defined as all persons who are defined as follows:

A.      Were, are, or will be employed by Walgreens as lower store management, more specifically, Executive Assistant Managers ("Executive Assistant Manager(s)" or "EXA(s)") within the State of Arkansas;

B.      Were, are, or will be classified as exempt under the Executive Exemption of the AMWA, Ark. Code Ann. § 11-4-203 (LEXIS 2012) (excluding "executives" from the definition of "employee");

C.      Were not or will not be paid a predetermined amount of money each week without regard to the number of days or hours worked; and

D.      Were, are, or will be entitled to payment for overtime wages at one and a half times their regular rate under the AMWA and

E.      Were not, are not or will not be paid overtime wages under the AMWA pursuant to the policies and/or practices of Walgreens as they currently exist and have existed for the three years most recently past.

88.     Walgreens is a nation-wide retailer of "pharmacy, health and wellness solutions, and consumer goods and services," employing over 240,000 people and operating nearly 8,000 drugstores across the country, including sixty (60) in the State of Arkansas.  *Store Count by State*, WALGREENS.COM (last visited Oct. 10, 2012),

http://walgreens2009.tekgroupweb.com/article_display.cfm?article_id=1044.

89.     At least one Executive Assistant Manager works at each store within the State of Arkansas

90.     Because Walgreens operates sixty (60) stores in thirty-six cities in the State of Arkansas, and because at least one Executive Assistant Manager works at each store, the proposed class is so numerous that joinder of all members is impracticable.

91.     Common questions of law and fact relate to all of the proposed class members, such as:

A.     Whether Walgreens properly classified the members of the proposed class as exempt from the overtime requirements of the AMWA;

B.     Whether Walgreens properly paid the members of the proposed class on a "salary basis;" and

C.     Whether Walgreens paid the members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

92.     The above common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

93.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202 (2012 LEXIS). To that end, all non-exempted employees must be paid for time worked over forty (40)

hours per week at a rate of one and one-half times their regular rate.  Ark. Code Ann. § 11-4-211 (2012 LEXIS).

94.     At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

95.     Concentrating the litigation in this forum is highly desirable because Plaintiffs assert violations of the AMWA, an Arkansas statute, by a company operating many stores all over Arkansas, on behalf of all others similarly situated and working or having worked for Walgreens stores located in the State of Arkansas during the period of the most recent three years.

96.     No difficulties are likely to be encountered in the management of this class action.

97.     The claims of the Plaintiffs are typical of the claims of the proposed class in that the Plaintiffs and all others in the proposed class will claim that they were misclassified under the AMWA and that they should receive overtime compensation for hours worked over forty per week.

98.     Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

99.     Plaintiffs' counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the unlikely extent, if any, that they find that they are not, they are capable and willing to associate additional counsel.

100.    Plaintiffs have consented in writing to the association of additional counsel.

101.    Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Walgreens.

### C.    Unjust Enrichment Rule 23 Class

102.    Plaintiffs, on behalf of all others similarly situated, bring this claim for relief under the Arkansas common-law doctrine of unjust enrichment as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

103.    The proposed class of plaintiffs in this case is defined as all persons who are defined as follows:

A.    Individuals who were, are, or will be employed by Walgreens as lower store management, more specifically, Executive Assistant Managers ("Executive Assistant Manager(s)" or "EXA(s)") within the State of Arkansas;

B.    Individuals who were not paid any compensation for their hours worked in excess of forty-four (44) per week for the benefit of Walgreens.

104.    As described above for the Rule 23 class under AMWA, the proposed class is so numerous that joinder of all members is impracticable.

105.    Common questions of law and fact relate to all of the proposed class members, such as:

A.    Whether members of the class worked hours in excess of forty-four (44) per week for which they were not compensated for the benefit of Walgreens.

B.     Whether Walgreens was enriched by the uncompensated labors of the members of the class.

C.     Whether Walgreens's receipt of the class members' uncompensated labors was unjust.

106.   The above common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

107.   The class members have no interest in individually controlling the prosecution of separate actions.

108.   At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

109.   Concentrating the litigation in this forum is highly desirable because Plaintiffs assert similar claims for unjust enrichment against a company operating many stores all over Arkansas, on behalf of all others similarly situated and working or having worked for Walgreens stores located in the State of Arkansas during the period of the most recent three years.

110.   No difficulties are likely to be encountered in the management of this class action.

111.   The claims of the Plaintiffs are typical of the claims of the proposed class in that the Plaintiffs and all others in the proposed class will claim that they

were not compensated for all of their hours worked in excess of forty-four (44) per week.

112.   Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

113.   Plaintiffs' counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the unlikely extent, if any, that they find that they are not, they are capable and willing to associate additional counsel.

114.   Plaintiffs have consented in writing to the association of additional counsel.

115.   Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Walgreens.

## VI.

## <u>FIRST CAUSE OF ACTION</u>

## VIOLATION OF THE FLSA

## (Failure to Pay Statutory Minimum Wages, Including Overtime Wages)

116.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

117.   Plaintiffs individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

118.   At all relevant times, Walgreens has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

119.   At all relevant times, Walgreens has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

120.   Walgreens has had gross revenues in excess of the statutory minimum of $500,000.00 during each of the years relevant to this lawsuit.

121.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

122.   Walgreens classified Plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA based upon the Executive Exemption under 29 U.S.C. § 213(a) and 29 C.F.R. §§ 541.100–106.

123.   "[I]t is well settled that the various statutory exemptions [of the FLSA] are to be narrowly construed." ABA SECTION OF LABOR AND EMPLOYMENT LAW, THE FAIR LABOR STANDARDS ACT 4-7 (Ellen C. Kearns ed., BNA Books 2nd ed. 2010).

124.   The United States Supreme Court has held on several occasions that an employee can only be denied the benefits conferred under the FLSA

upon the employer's proof that the activities of the employee are "squarely within the scope of a particular exemption." Id. at 4-7, 4-8 (citing A.H. Phillips, 324 U.S. at 498, Kentucky Finance, 395 U.S. at 296, Arnold, 361 U.S. at 392-94).

125.   The Court has also stated that, "[t]o extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretive process and to frustrate the announced will of the people." A.H. Phillips, Inc. v. Walling, 324 U.S. 490 (1945).

126.   To qualify for the Executive Exemption, an employee must be paid on a "salary basis." 29 C.F.R. § 541.100(a)(1) (2012).

127.   The salary basis test is a "'completely objective and precise measure which is not subject to differences of opinion or variations in judgment.'" THE FAIR LABOR STANDARDS ACT 4-27 (citing 69 Fed. Reg. at 22,165).

128.   To qualify for the salary basis test, an employee must receive "a predetermined amount of compensation each pay period that is not subject to being reduced because of the quality or quantity of the work." Fife v. Harmon, 171 F.3d 1175 (8th Cir. 1999); see also 29 U.S.C. § 541.602.

129.   During any week in which an employee performs any work, an exempt employee *must* receive his or her full salary without regard to the number of hours or days worked. 29 U.S.C. § 541.602.

130.   Unless one of few exceptions to the general rule is applicable as narrowly construed under the law, an employer's deduction from the salary of an employee is improper. Id.

131.   Under certain circumstances, an employer may make a deduction from an employee's salary when the employee is absent from work *for one or more full days*. Id.

132.   However, "[w]hen an employer deducts from the wages of an employee for partial-day absence taken for personal reasons or illness, the employee cannot be considered exempt." THE FAIR LABOR STANDARDS ACT 4-67 (citing Bowman v. City of Indianapolis, 133 F.3d 513 (7th Cir. 1998) (concluding employee not paid on salary basis where deductions were made from salary for partial day's absence)).

133.   Walgreens failed to pay Plaintiffs and all others similarly situated on a "salary basis" within the meaning of 29 C.F.R. § 541.602, therefore the requirements of the Executive Exemption have not been met and cannot be applied Plaintiffs and all others similarly situated.

134.   On several occasions, Walgreens deducted pay from Plaintiffs and those similarly situated for a partial day's absence as well as for time actually worked, including deductions for hours missed due to a partial day's absence as well as inexplicable deductions for weeks during which Plaintiffs and those similarly situated worked the required forty-four (44) hours per week.

135.   The multiple deductions taken from the "salary" of Plaintiffs and all others similarly situated were improper and do not meet the salary requirement of the Executive Exemption.

136.   An employer who makes improper deductions from salary loses the exemption if the facts demonstrate that the employer did not intend to pay the

employees on a salary basis.  Intent is determined by looking to the employer's actual practice.  29 C.F.R. § 541.603.

137.  Five non-exclusive factors determine whether an actual practice of making improper deductions exists.  Id.  These include:

A.  The number of improper deductions, particularly as compared to the number of employee infractions warranting discipline;

B.  The time period during which the employer made the improper deductions;

C.  The number and geographic location of employees whose salary was improperly reduced;

D.  The number and geographic location of the managers responsible for taking the improper deductions; and

E.  Whether the employer has a clearly communicated policy permitting or prohibiting improper deductions.

138.  An employer who has an actual practice of making improper deductions loses the exemption during the time period in which the improper deductions were made for employees in the same job classification working for the same managers responsible for the actual improper deductions.  Id.

139.  Upon information and belief, Walgreens had and continues to have a uniform, company-wide practice of making improper deductions to the pay of salaried employees.

140.  The improper deductions include, but are not limited to, deductions of a full-day's wage when an exempt employee has a partial absence from work.

141.    The improper deductions also include reducing exempt employees' wages on multiple occasions, sometimes as much as by two or more days, despite the fact that the employee had performed work that week and had sometimes worked more than his required forty-four (44) hours during the work week.

142.    Walgreens has made multiple improper deductions to Plaintiffs' wages.

143.    Walgreens's practice of making improper deductions to Plaintiffs' wages has occurred for numerous years.

144.    Plaintiffs have not had any infractions warranting discipline and have consistently scored well on their yearly evaluations conducted by their store managers.

145.    Upon information and belief, Walgreens's nation-wide human resources department is responsible for paying the wages of Plaintiffs and those similarly situated.

146.    Therefore, upon information and belief, improper deductions have taken place in multiple districts by Walgreens across the nation.

147.    Walgreens does not have a clearly communicated policy permitting or prohibiting improper deductions.

148.    In fact, Plaintiffs have never been shown a handbook or policy book throughout their entire duration of employment at Walgreens despite holding a position of lower-management.

149.    Plaintiffs have never seen a policy in place regarding improper salary deductions during the entire duration of their employment at Walgreens.

150.    At all relevant times Walgreens has had and continues to have an actual, uniform practice and policy of making improper deductions from the "salary" of Plaintiffs and all others similarly situated.

151.    Walgreens did not and does not intend to pay Plaintiffs and all others similarly situated on a salary basis.

152.    Further, at all times relevant to this Complaint, Plaintiffs and all others similarly situated participated in and received money pursuant to Walgreens's annual bonus plan that included the payment of non-discretionary bonuses that were derivative of a company-wide set of metrics for certain individual store goals and objectives.

153.    Walgreens' policies and practices conclusively establish that Plaintiffs and all others similarly situated were not paid a salary as required under the Executive Exemption, therefore the Executive Exemption is not applicable to them.

154.    Walgreens has intentionally failed to comply with the FLSA's narrow construction of an exempt employee requirements.

155.    Therefore, Plaintiffs and those similarly situated do not fall squarely within the scope of the Executive Exemption and are entitled to the full benefits and protections of the FLSA, including minimum wage and overtime payments, as non-exempt employees for all times relevant to this Complaint.

156.   Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Walgreens failed to pay Plaintiffs and those similarly situated an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

157.   Walgreens willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

158.   At all relevant times, Walgreens knew that it was obligated to pay overtime wages to all non-exempt employees for hours worked over forty (40) in a week.

159.   At all relevant times, Walgreens knew that 29 C.F.R. § 541.100(a)(1) required employees who are classified under the Executive Exemption to be paid on a "salary basis."

160.   At all relevant times, Walgreens knew that 29 C.F.R. § 541.602(a) defined being paid on a "salary basis" as being paid a predetermined amount of money without regard to the number of days or hours worked.

161.   At all relevant times, Walgreens knew that 29 C.F.R. § 541.602(b) permitted deductions from salary only when a salaried employee missed one or more *full days* of work.

162.   Despite this knowledge the following facts are true:

A.   Walgreens deducted pay from Plaintiffs and all others similarly situated for missing less than one or more *full days* of work;

B.     Walgreens deducted pay from Plaintiffs and all others similarly situated for time missed during a week in which the employee actually performed work;

C.     Walgreens deducted pay from Plaintiffs and all others similarly situated for time actually worked; and

D.     Walgreens failed to keep records of hours worked over forty-four per week by Plaintiffs and all others similarly situated and members of the members of the proposed class.

163.    Based on the foregoing, Plaintiffs, individually and on behalf of all others similarly situated, seek unpaid overtime wages at the required legal rate for all of their working hours during the relevant time period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs and all other costs and penalties allowed by law.

## VII.

## <u>SECOND CAUSE OF ACTION</u>

## VIOLATION OF THE FLSA

## (Failure to Maintain Records)

164.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

165.    29 U.S.C. § 211(c) provided in pertinent part:

(c)    Records

Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages,

hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

166.   29 C.F.R. § 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

167.   29 U.S.C. § 215(a)(5) provides in pertinent part:

…[I]t shall be unlawful for any person –

(5) to violate any provision of section 211(c) of this title…

168.   Walgreens failed to maintain all records required by the aforementioned statutes and regulations, including those showing all hours Plaintiffs and other members of the collective class worked during the relevant time period.

169.   As a result of the foregoing, Walgreens has violated the FLSA.

170.   Walgreens's conduct was willful and not the result of mistake or inadvertence. It would be inequitable for Walgreens to retain the benefits received as a result of its misconduct.

171.   As a direct result of Walgreens's unlawful conduct, Plaintiffs and all other members of the proposed collective class have suffered injury, incurred damages and financial loss.

172.   When the employer fails to keep accurate records of the hours worked by its employees, the rule in <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 687-88, 66 S.Ct. 1187 (1946) is controlling.  That rule states:

> ...where the employer's records are inaccurate or inadequate...an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

173.   The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA.  Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with...the Act." <u>Id</u>.

174.   Accordingly, Plaintiffs, on behalf of themselves and the members of the proposed collective action class, seek appropriate relief against Walgreens including damages, restitution, estoppel from asserting the lack of employment records as a defense, penalties, liquidated damages, attorneys' fees and costs and all other relief just and appropriate in the circumstances.

VIII.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE AMWA**

**(Failure to Pay the Arkansas State Statutory Minimum Wages**

**and Overtime Premiums)**

175.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

176.    Plaintiffs, individually and on behalf of the members of the proposed class, assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

177.    At all relevant times, Walgreens has been, and continues to be, an "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

178.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay time and a half of regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.    See Administrative Regulations of the Labor Standards Division of the Arkansas Department of Labor, 010.14-106(D)(1)(a) (July 2010) (incorporating the federal regulations regarding exemptions), available at http://www.labor.ar.gov/divisions/Pages/minWageOvertime.aspx.

179.   In other words, AMWA incorporates definition for the Executive Exemption as defined by the FLSA; therefore, an employee who does not qualify for the Executive Exemption under the FLSA also does not qualify for the Executive Exemption under AMWA.

180.   Walgreens classified Plaintiffs and the members of the proposed class as exempt from the overtime requirements of the FLSA based upon the Executive Exemption under 29 U.S.C. § 213(a) and 29 C.F.R. §§ 541.100–106.

181.   As set forth above and incorporated herein, Plaintiffs and the members of the proposed class did not meet the requirements of the Executive Exemption under the FLSA because they did not meet the salary basis prong; therefore, Plaintiffs and the members of the proposed class did not meet the requirements of the Executive Exemption under AMWA.

182.   Because no exemptions are applicable to Plaintiffs and the members of the proposed class, they are entitled to the full benefits and protections of the AMWA as non-exempt employees.

183.   Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Walgreens failed to pay Plaintiffs and those similarly situated an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

184.   Walgreens willfully failed to pay overtime wages to Plaintiffs and the members of the proposed class.

185.   At all relevant times, Walgreens knew that it was obligated to pay overtime wages to all non-exempt employees for hours worked over forty (40) in a week.

186.   At all relevant times, Walgreens knew that AMWA incorporated the exemption requirements of the FLSA.

187.   At all relevant times, Walgreens knew that 29 C.F.R. § 541.100(a)(1) required employees who are classified under the Executive Exemption to be paid on a "salary basis."

188.   At all relevant times, Walgreens knew that 29 C.F.R. § 541.602(a) defined being paid on a "salary basis" as being paid a predetermined amount of money without regard to the number of days or hours worked.

189.   At all relevant times, Walgreens knew that 29 C.F.R. § 541.602(b) permitted deductions from salary only when a salaried employee missed one or more *full days* of work.

190.   Despite this knowledge the following facts are true:

A.   Walgreens deducted pay from Plaintiffs and the members of the proposed class for missing less than one or more *full days* of work;

B.   Walgreens deducted pay from Plaintiffs and the members of the proposed class for time missed during a week in which the employee actually performed work;

C.   Walgreens deducted pay from Plaintiffs and the members of the proposed class for time actually worked; and

D.      Walgreens failed to keep records of hours worked over forty-four (44) per week by Plaintiffs and all others similarly situated and members of the members of the proposed class .

191.    Walgreens is liable to Plaintiffs and the members of the proposed class for unpaid overtime wages.

192.    The AMWA provides that a private civil action may be brought for the payment of minimum wages or overtime wages and for an equal amount in liquidated damages in any court of competent jurisdiction by an employee or a group of employees covered by the AMWA.

193.    Moreover, Plaintiffs and the members of the proposed class should recover attorneys' fees and costs incurred in enforcing their rights, pursuant to Arkansas Code Annotated 11-4-218(a)(1)(B)(ii).

194.    Based on the foregoing, Plaintiffs, individually and on behalf of the members of the proposed Rule 23 class, seek unpaid overtime wages at the required legal rate for all of their working hours during the relevant time period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs and all other costs and penalties allowed by law.

195.    Walgreens's violations entitle Plaintiffs and the members of the proposed class to liquidated damages pursuant to A.C.A. § 11-4-218(a)(2) in the form of double the compensatory damages set forth in A.C.A. § 11-4-218(a)(1)(B)(i).

IX.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE AMWA

### (Failure to Maintain Records)

196.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

197.   Ark. Code Ann. § 11-4-217 provides in pertinent part:

Every employer subject to any provision of this subchapter or of any regulation issued under this subchapter shall make and keep for a period of not less than three (3) years in or about the premises wherein any employee is employed, a record of the name, address, and occupation of each of his or her employees, the rate of pay, [and, inter alia] the amount paid each pay period to each employee . . . ."

198.   The Administrative Regulations of the Labor Standards Division of the Arkansas Department of Labor further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek. Admin. Reg. Labor Stand. Div. ARDOL 010.14-102(A)(1) (retrievable publicly at http://www.state.ar.us/labor//pdf/permanent_regs_minwage2007.pdf).

199.   Walgreens failed to maintain all records required by the aforementioned statutes and regulations for Plaintiffs and members of the proposed class, including those showing all hours Plaintiffs and other members of the proposed class worked during the relevant time period.

200.   As a result of the foregoing, Walgreens has violated the AMWA.

201.   Walgreens's conduct was willful and not the result of mistake or inadvertence. It would be inequitable for Walgreens to retain the benefits received as a result of its misconduct.

202.   As a direct result of Walgreens's unlawful conduct, Plaintiffs and all other members of the proposed class have suffered injury, damages and financial loss.

203.   The Arkansas Department of Labor set forth the rule above to give incentive to every employer to keep proper records in conformity with the employer's statutory duty.

204.   Without such a rule an employer would be permitted to reap the benefits of its employees' labors without proper compensation as required by the AMWA.

205.   The Court should adopt the rule of <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 687-88, 66 S.Ct. 1187 (1946) to Plaintiffs' AMWA records claims and find that Walgreens's utter lack of wage and hour records for Plaintiffs raises a presumption in favor of Plaintiffs' weekly hours calculations and proof.

206.   Accordingly, Plaintiffs, on behalf of themselves and the members of the proposed class, seek appropriate relief against Walgreens including damages, restitution, estoppel from asserting the lack of employment records as a defense, penalties, liquidated damages, attorneys' fees and costs and all other relief just and appropriate in the circumstances. A. C. A. § 11-4-218.

## X.

## FIFTH CAUSE OF ACTION

### UNJUST ENRICHMENT/QUANTUM MERUIT

207.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

208.   All of the time spent by Plaintiffs and the members of the proposed class in the performance of their duties was for the sole benefit of Walgreens, including the hours over forty-four (44) per week for which Plaintiffs and the members of the proposed class were not compensated by Walgreens.

209.   Walgreens had full knowledge of all duties performed by Plaintiffs and the members of the proposed class.

210.   Walgreens chose to accept the benefits of the uncompensated labor performed by Plaintiffs and members of the proposed class for itself.

211.   By unjustly receiving the value of the labor of Plaintiffs and members of the proposed class without providing proper compensation therefore, Walgreens obtained substantial benefits and was unjustly enriched at the expense of Plaintiffs and the members of the proposed class.

212.   Walgreens's conduct was willful and not the result of mistake or inadvertence.

213.   It would be inequitable for Walgreens to retain the benefits received.

214.   As a direct result of Walgreens's unlawful, unjust and inequitable conduct, Plaintiffs and all members of the proposed class have suffered injury, incurred damages and financial loss in an amount to be determined at trial.

215.   Accordingly, on behalf of themselves and the members of the proposed class, Plaintiffs seek appropriate relief against Walgreens including damages, restitution, prejudgment interest, attorneys' fees and costs.

## XI.

## EQUITABLE TOLLING

216.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

217.   The applicable statute of limitations for all FLSA causes of action should be tolled for all putative class members because strict application of the statute of limitations would be inequitable.

218.   Walgreens specifically instructed Plaintiffs and those similarly situated that they were exempt employees, when in reality they were not.

219.   Further, the reason that Plaintiffs and those similarly situated were not exempt is based on their failure to meet the salary basis prong of the exemption requirement. Plaintiffs and those similarly situated cannot be expected to have such vast knowledge of the FLSA that they could readily identify the violation of the salary basis prong and its legal implications such that they could be aware of the causes of action available to them.

220.   Further, Walgreens, as an employer with a duty to comply with the FLSA and the means to do so, was and has at all relevant times been in a far

superior position than Plaintiffs and those similarly situated to understand the FLSA and apply it appropriately, and Walgreens should not be permitted to benefit from this imbalance of power by the passage of time.

221.   As a result of Walgreens assertions, Plaintiffs had no basis for believing they were protected by the FLSA.

222.   Therefore, this Court should apply the doctrine of equitable tolling to toll the claims of all putative class members for as long as or longer than any other Federal District Court ever has.

## XII.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Kunio Teramura, Tou Chao Vang and Harry Shaffer, each individually on behalf of themselves and all others similarly situated and the members of the proposed Section 216 and Rule 23 classes, respectfully pray as follows:

A.   That Walgreens be summoned to appear and answer this Complaint;

B.   For orders regarding certification of and notice to the proposed collective and class members;

C.   For an order of this Honorable Court entering judgment in their favor against Defendant Walgreen Co., in their actual economic damages in an amount to be determined at trial and compensation for overtime wages lost;

D.   For liquidated damages;

E.   For their attorneys' fees, costs, pre-judgment interest; and

F.      For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**KUNIO TERAMURA TOU CHAO VANG and HARRY SHAFFER, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 400
LITTLE ROCK, ARKANSAS 72211
PHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:  _____
Vanessa Kinney
Ark. Bar No. 2008030
vanessa@sanfordlawfirm.com

and  _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com