```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

KUNIO TERAMURA; TOU CHAO VANG,
HARRY SHAFFER, STEPHANIE HOGAN,
JASYLYN SHIPARSKI; and SHELLY MUSTON;
Each Individually and on Behalf of
All Others Similarly Situated                         PLAINTIFFS

          v.              Civil No. 12-5244

WALGREEN CO. d/b/a WALGREENS                           DEFENDANT


## O R D E R

Now on this 7th day of March 2013, comes on for consideration plaintiffs' **Motion for Conditional Certification of Collective Action, Equitable Tolling, for Disclosure of Contact Information for Potential Opt-In Plaintiffs, and for Permission to Send Court-Approved Notice** (document #14). The Court, being well and sufficiently advised, finds and orders as follows:

1.   This action is brought by current and former employees of defendant Walgreens pursuant to the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 216(b). Plaintiffs allege that Walgreens improperly classified them -- and others similarly situated -- as exempt from the FLSA's overtime requirements. They seek to recover unpaid overtime compensation, liquidated damages, interest, costs, and attorneys' fees.

Walgreens has not yet filed its answer, having been granted an extension until March 8, 2013.

2.   In the present motion, plaintiffs ask the Court:

\*   to conditionally certify the proposed class they wish to represent;

\*   to approve and permit submission of an opt-in notice and consent form;

\*   to order Walgreens to provide contact information for the proposed class members;

\*   to allow plaintiffs ninety days from the date they receive such contact information to distribute the notice and file consent forms;

\*   to order Walgreens to post the notice at the proposed class members' workplaces;

\*   to allow the notice to be posted on a content-neutral website;

\*   to allow plaintiffs to send follow-up postcards to proposed class members who do not respond within thirty days of when the notice is mailed; and

\*   to toll the statute of limitations for potential opt-in plaintiffs as of the date the present motion was filed.

3.   Walgreens opposes the motion.

### Conditional Certification

4.   The FLSA establishes a private right of action regarding unpaid overtime compensation, to wit:

> An action ... may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly

> situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

A suit under this "opt in" provision is known as a collective action, distinguishing it from a class action under the "opt out" provisions of Federal Rule of Civil Procedure 23. *See Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975).

5.  Collective actions have generated their own body of law, including the Supreme Court's decision in *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). In *Hoffman*,[1] the narrow question presented was "whether ... district courts may play any role in prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought." The holding was that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) ... by facilitating notice to potential plaintiffs." *Id.* at 169.

In explaining its decision, the Court said:

> Congress has stated its policy that ADEA plaintiffs should have the opportunity to proceed collectively. A collective action allows age discrimination plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same

---

[1]Although *Hoffman* was an ADEA case, the Supreme Court applied the provisions of § 216(b) because they are incorporated into the ADEA remedial scheme. *Hoffman*, 493 U.S. at 167-68.

>   alleged discriminatory activity.
>
>   These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. It follows that, once an ADEA action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.

*Id.* at 170-71.

To this end, many courts have developed a two-stage approach to handling collective actions under the FLSA. *Freeman v. Wal-Mart Stores, Inc.*, 256 F.Supp.2d 941, 944 (W.D. Ark. 2003). Under such an approach, early in the case (at the "notice stage") the court uses a lenient standard to determine whether the proposed class consists of similarly situated individuals. *Id.* If the court so finds, the class is conditionally certified. *Id.*

The second stage occurs later in the case -- after notice, time for opting-in, and discovery have taken place -- when the court applies a stricter standard to make a factual determination of whether the proposed class members are actually similarly situated. *Id.* at 945. This is usually done in response to a defendant's motion to decertify the class. *Id.*

   6.   Plaintiffs ask the Court to conditionally certify a

class consisting of the following persons:

> All current and former salaried Executive Assistant Managers ("EXAs") employed by Defendant at any of its Walgreens stores nationwide anytime within the three years immediately preceding November 15, 2012, and continuing thereafter through the date final judgment is entered in this action.

Plaintiffs submit nineteen declarations from named plaintiffs and potential opt-in plaintiffs who have all worked as EXAs in multiple Walgreens stores under multiple Store Managers. All nineteen claim to have worked in excess of forty hours per week doing primarily non-managerial tasks.

7.  Walgreens argues that the Court should deny conditional certification for three reasons:

* First, that "the FLSA's notice procedure is not intended to allow a few plaintiffs to cripple an employer by asserting claims on behalf of thousands of employees;"

* Second, that plaintiffs have failed to demonstrate that they are similarly situated to others in the proposed class; and

* Third, that the affidavits produced by Walgreens demonstrates material dissimilarities among the proposed class members.

The thrust of Walgreens' argument is that significant variances exist among the duties performed by EXAs in different stores, even within the same district, because they are determined by the particular working relationships between individual Store Managers and EXAs.

-5-

8. The Court finds the declarations submitted by plaintiffs to be sufficient to justify a conditional certification of the proposed class. All members of the proposed class hold or held the same job title (EXA) while working for Walgreens at some time in the last three years. All members were paid a salary and were expected to work in excess of forty hours per week without receiving overtime compensation. The duties performed by the proposed class members appear to be largely the same, as the declarants state that they -- as EXAs -- were often transferred to stores in different districts and states without requiring additional orientation or training.

The Court considers these similarities to be sufficient for conditional certification, so as to allow the giving of notice to potential class members. If discovery should reveal that this is not a proper case for collective action, Walgreens may move to decertify the class at the close of discovery.

9. The Court notes that the description of the proposed class includes current and former EXAs who worked for Walgreens "anytime within the three years immediately preceding November 15, 2012, and continuing thereafter through the date final judgment is entered in this action." This description is too broad, in that the class period should end at the close of the opt-in period, rather than the date final judgment is entered. Therefore, the Court amends the class description to read as follows:

> All current and former salaried Executive Assistant Managers ("EXAs") employed by Defendant at any of its Walgreens stores nationwide anytime within the three years immediately preceding November 15, 2012, and continuing thereafter **through the expiration of the opt-in period for potential plaintiffs**.

### Notice and Consent Forms

10.  Along with their motion for conditional certification, Plaintiffs have submitted a proposed Notice of Right to Join Lawsuit and a proposed Consent to Join Collective Action for the Court's approval.

The Notice is addressed to

> Current and former SALARIED EXECUTIVE ASSISTANT MANAGERS ("EXAs") of defendant Walgreen Co. d/b/a Walgreens (hereinafter referred to as "Defendant"), employed by Defendant at any time since November 15, 2009, to the present.

11.  Without discussing the point in detail, Walgreens disputes the proposed class period as stated in the Notice. It contends that the Notice should be directed to current and former EXAs employed by Walgreens anytime within the three years preceding the date on which the Court conditionally certifies the collective action.

12.  The Court finds that the class period described in the Notice should include the three years preceding the filing of the Complaint and go forward to encompass the time that runs to the end of the opt-in period. Cutting off the class period as Walgreens proposes would have the potential to arbitrarily deprive some potential class members of participation and undermine the

-7-

point of collective, as opposed to individual, action. Specific challenges to the timeliness of the claims of certain opt-in plaintiffs can be addressed during the second stage of the certification process, after discovery is complete.

The Court will, therefore, approve the description of the class period in the Notice as proposed by plaintiffs.

13.  There being no other objection to the form or content of the proposed Notice or Consent form (other than Walgreens' unsupported contention that they are "overbroad and overly solicitous"), the Court finds that they are fair and accurate and are, thus, approved.

## Distribution of the Notice

14.  Walgreens opposes plaintiffs' request for contact information for the class members and contends that, in order to protect their privacy, the Court should appoint a third-party administrator to distribute the Notice. It further opposes plaintiffs' request to send the Notice by email and to post it on a content-neutral website.

15.  The Court sees no need to appoint a third-party administrator over plaintiffs' objection and finds that the privacy of potential opt-in plaintiffs can be adequately protected by

(a)  permitting only the names and last-known home and work addresses to be provided to plaintiffs; and

-8-

(b) directing that such information be used only for the purpose of notifying potential opt-in plaintiffs of this lawsuit. *See Littlefield v. Dealer Warrant Servs., LLC*, 679 F.Supp.2d 1014, 1018 (E.D. Mo 2010).

16. The Court sees no reason why distribution of the Notice by first-class mail would be insufficient. Therefore, it will deny plaintiffs' request to communicate with potential plaintiffs by telephone, email, or website.

17. Accordingly, the Court will grant plaintiffs' request that Walgreens be ordered to provide the names and last-known home and work addresses for all class members. As Walgreens does not object to providing this information in an importable, manipulable electronic format or to doing so within fourteen days of this Order, the Court will so direct.

18. The Court declines to order Walgreens to provide dates of birth or partial social security numbers for any class members whose Notice is returned by the post office. It further declines to permit the sending of "reminder" postcards to potential plaintiffs who do not initially respond to the Notice.

19. Plaintiffs request -- and Walgreens voices no objection -- that they be allowed ninety days from the date they receive class members' contact information to distribute the Notice and file Consent forms. The Court will so allow.

20. With regard to the posting of the Notice on employee

bulletin boards or other common areas, the Court likewise declines to grant this request. As Walgreens has pointed out, only current employees -- for whom Walgreens is presumed to have current addresses -- would see the posted Notice. In light of plaintiffs' intention to send the Notice and Consent forms by first-class mail, posting at the workplace would be redundant and unnecessary.

<u>Equitable Tolling</u>

21. Walgreens also opposes equitable tolling of the statute of limitations for potential opt-in plaintiffs, asserting that the Court does not have the authority to issue an advisory opinion affecting the rights of individuals who are not yet involved in this lawsuit.

22. In their reply brief, plaintiffs state that they have elected to forego additional argument on this point and contend that the issue can be addressed at a later time.

23. In light of the position plaintiffs now take, the Court will deny the request to equitably toll the statute of limitations at this time.

**IT IS THEREFORE ORDERED** that plaintiffs' **Motion for Conditional Certification of Collective Action, Equitable Tolling, for Disclosure of Contact Information for Potential Opt-In Plaintiffs, and for Permission to Send Court-Approved Notice** (document #14) is **granted in part** as follows:

   *   The class of plaintiffs described below is hereby

**conditionally certified:**

> All current and former salaried Executive Assistant Managers ("EXAs") employed by Defendant at any of its Walgreens stores nationwide anytime within the three years immediately preceding November 15, 2012, and continuing thereafter through the expiration of the opt-in period for potential plaintiffs.

\*   The form and content of the Notice of Right to Join Lawsuit and Consent to Join Collective Action proposed by plaintiffs are hereby **approved**.

\*   Walgreens is ordered to produce -- within **fourteen (14) days** of the entry of this Order -- the names and last-known home and work addresses for the class members. Plaintiffs are not to use the personal information produced to them in response to this Order for any purpose other than the giving of Notice of this lawsuit.

\*   Plaintiffs are permitted **ninety (90) days** from the date they receive the contact information to distribute the Notice and Consent form to class members and to file executed Consent forms with the Court.

**IT IS FURTHER ORDERED** that all other requests in the Motion that are not specifically granted herein are **denied**.

**IT IS SO ORDERED**.

 /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE**
