IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**KUNIO TERAMURA, TOU CHAO VANG,**　　　　　　　　　　　　　　**PLAINTIFFS**
**HARRY SHAFFER, STEPHANIE HOGAN,**
**JASYLYN SHIPARSKI and SHELLY MUSTON**
Each Individually and on Behalf of All
Others Similarly Situated

vs.　　　　　　　　　No. 5:12-cv-5244-JLH

**WALGREEN CO., d/b/a WALGREENS**　　　　　　　　　　　　　　　　**DEFENDANT**

## MOTION FOR LEAVE TO FILE LATE CONSENTS TO JOIN

Plaintiffs Kunio Teramura, Tou Chao Vang, Harry Shaffer, Stephanie Hogan, Jasylyn Shiparski and Shelly Muston, each individually and on behalf of others all similarly situated, by and through their attorneys Vanessa Kinney, Amber Schubert and Josh Sanford of Sanford Law Firm, PLLC, and for their Motion for Leave to File Late Consents to Join, and in support thereof do hereby state and allege as follows:

　　　　1.　　Plaintiffs, current and former employees of Defendant, filed their Collective Action Complaint (ECF No. 1) in this action on November 15, 2012, seeking to redress violations of the Fair Labor Standards Act (hereinafter the "FLSA").

　　　　2.　　Thereafter Plaintiffs filed a motion requesting that this Court authorize a notice process to inform putative class members of the existence of this case and their right to participate in the case.  ECF No. 14, 15.

　　　　3.　　This Court granted Plaintiffs' request to send a "Collective Action Notice"

Page 1 of 6
Kunio Teramura, et al. v. Walgreen Co.
U.S.D.C. (W.D. Ark.) Case No. 5:12-cv-5244-JLH
Motion for Leave to File Late Consents to Join

by Order entered March 7, 2013.  ECF. No. 39.

4. The Court set a deadline for the return of the Consents to Join of ninety (90) days from mailing of the Notice and Consent, which date turned out to be June 20, 2013, based upon the date the Notices were mailed. Id.

5. By the end of the day on June 20, 2013, there were approximately 1,648 EXAs and former EXAs participating in the case as named and/or opt-in Plaintiffs.

6. Despite the passing of the deadline this past Thursday, counsel for Plaintiffs continue to receive Consents to Join from EXAs and former EXAs who would like to participate in the case and to be bound by its outcome.

7. This Motion is filed on behalf of each of the persons whose Consent to Join has been filed by counsel for Plaintiffs after the June 20th deadline, or whose Consent to Join will soon be filed.  See, e.g., ECF No. 242 (eleven Class Elections on June 21st); ECF No. 243 (Class Election of Rashad Sanford on June 21st); and ECF No. 244 (Class Election of Karen Whelan on June 23rd).  A filing of multiple Class Elections is anticipated to be made on June 24th.

8. Although the deadline set by this Court for filing Consents has just passed, Plaintiffs request permission of this Court to file these Consents and allow these people to join this action, and to permit their Consents to be deemed timely.

9. Defendant will not be prejudiced by allowing these people to file their Consents and to join the pending action.  A final trial date is not yet set but it appears that it could be no sooner than one year from now, at the earliest, and the discovery cutoff is likely not going to occur until early 2014.  Defendant still has ample time in which to conduct discovery as to these slightly late claims, if it so desires.

Page 2 of 6
Kunio Teramura, et al. v. Walgreen Co.
U.S.D.C. (W.D. Ark.) Case No. 5:12-cv-5244-JLH
Motion for Leave to File Late Consents to Join

10. There are still several months before the deadline to add parties and amend pleadings.

11. Allowing the late filers to file their Consents and participate in this case would serve the interest of judicial economy. Were this Court to deny this request, late filers would still be able to file separate claims for relief against Defendant, who would still face the prospect of defending against these additional individual and/or group FLSA claims.

12. Any individual or group suit brought by any late filers would involve common questions of fact and law under the FLSA with respect to the instant action, such that consolidation of the potentially numerous cases would be appropriate.

13. In *Ruggles v. Wellpoint, Inc.*, a District Court in New York noted the futility in requiring late opt-in plaintiffs to file separately, stating "there is little economy in spawning identical FLSA lawsuits that themselves might be properly joined with this lawsuit in the future." 687 F. Supp. 2d 30, 38 (N.D.N.Y. 2009).

14. Several late-filers have encountered one or more of a number hurdles in the process of joining the litigation in a timely fashion: some were told by their superiors at Defendant that they are not allowed to join; some were told by their superiors at Defendant that they ought not join the case; some did not receive the Consent to Join in the mail in a timely fashion due to either having changed addresses or being in the process of moving residences during the opt-in period or, despite no discernible cause other than the inconsistency of the U.S. Postal Service, not receiving the Notice in a timely fashion. The factual bases for the allegations of this paragraph will be substantiated by declarations of filers and late-filers if Defendant opposes this Motion.

Page 3 of 6
Kunio Teramura, et al. v. Walgreen Co.
U.S.D.C. (W.D. Ark.) Case No. 5:12-cv-5244-JLH
Motion for Leave to File Late Consents to Join

15. No doubt some late-filers have no one or nothing to "blame" for their proposed late filing, except for their own indecisiveness and/or ambivalence. Nevertheless, the reasoning expressed by the *Ruggles* Court requires that even people whose delay is without cause should be permitted to join this case if the prejudice to Defendant is either non-existent or is manageable.

16. Plaintiffs' position is that there should be an end to late filings, and the Court should set that end in a way the eliminates the most amount of motion practice, duplicative litigation and waste of the resources of this and other Courts and of the parties themselves.

17. Plaintiffs' counsel has sought to confer with counsel for Defendant on the issue raised in this Motion, but no agreement has yet been reached by the two sides.

18. Plaintiffs and their counsel believe that they have an obligation to those people who send in late Consents to file them with this Court to toll the running of the statute of limitations with respect to these people, if for no other reason, while the parties (if they are able) and the Court (if the parties are not able and/or the Court disagrees with the position take by the parties) decides what to do.

19. Plaintiffs would request that the Court continue to receive the late filings referred to herein, including those yet to be filed, for the protection of the substantive rights of the putative Plaintiffs.

20. Plaintiffs further request that the Court permit the parties to fully brief the issue raised in this Motion, which they acknowledge has not been done by the instant filing.

WHEREFORE, premises considered Plaintiffs Kunio Teramura, Tou Chao Vang,

Page 4 of 6
Kunio Teramura, et al. v. Walgreen Co.
U.S.D.C. (W.D. Ark.) Case No. 5:12-cv-5244-JLH
Motion for Leave to File Late Consents to Join

Harry Shaffer, Stephanie Hogan, Jasylyn Shiparski and Shelly Muston, each individually and on behalf of others all similarly situated, pray that their Motion for Leave to File Late Consents to Join be granted, that the Court toll the statute of limitations for the people filing late Consents, that the Court permit these people to participate in and be bound by the result of this litigation, that the Court determine when, in fairness to Defendant, late filings must stop, and for all other just and proper relief.

        Respectfully submitted,

        **KUNIO TERAMURA, TOU CHAO VANG, HARRY SHAFFER, STEPHANIE HOGAN, JASYLYN SHIPARSKI and SHELLY MUSTON, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

        SANFORD LAW FIRM, PLLC
        ONE FINANCIAL CENTER
        650 SOUTH SHACKLEFORD, SUITE 110
        LITTLE ROCK, ARKANSAS 72211
        TELEPHONE: (501) 221-0088
        FACSIMILE: (888) 787-2040

By:   /s/ Vanessa Kinney
       Vanessa Kinney
       Ark. Bar No. 2008030
       vanessa@sanfordlawfirm.com

       /s/ Amber Schubert
       Amber Schubert
       Ark. Bar No. 2009150
       amber@sanfordlawfirm.com

and  /s/ Josh Sanford
       Josh Sanford
       Ark. Bar No. 2001037
       josh@sanfordlawfirm.com

Page 5 of 6
Kunio Teramura, et al. v. Walgreen Co.
U.S.D.C. (W.D. Ark.) Case No. 5:12-cv-5244-JLH
Motion for Leave to File Late Consents to Join

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies the foregoing MOTION was filed via the Court's CM/ECF System on this 23rd day of June, 2013, and thereby electronically served upon the following counsel of record:

Brett C. Bartlett, Esq.
bbartlett@seyfarth.com
Louisa J. Johnson, Esq.
lojohnson@seyfarth.com

SEYFARTH SHAW LLP
1075 Peachtree Street NE, Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

/s/ Josh Sanford_____
Josh Sanford

Page 6 of 6
Kunio Teramura, et al. v. Walgreen Co.
U.S.D.C. (W.D. Ark.) Case No. 5:12-cv-5244-JLH
Motion for Leave to File Late Consents to Join